No. 01-068

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 251

ROBERT D. DuBRAY,

Plaintiff and Appellant,

v.

FARMERS INSURANCE EXCHANGE and

JOHN DOES 1 -10,

Defendants and Respondents.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Martin R. Studer, Attorney at Law, Bozeman, Montana

For Respondents:

Ian McIntosh, Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P., Billings, Montana

Submitted on Briefs: August 2, 2001
Decided: December 6, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The plaintiff, Robert DuBray, filed a complaint for declaratory judgment against the defendant, Farmers Insurance Exchange, in the District Court for the Eighteenth Judicial District in Gallatin County. DuBray asked the District Court to determine that Farmers was required to pay DuBray's medical expenses prior to settlement of or judgment on the underlying claim. DuBray additionally sought pre-judgment interest, costs of suit, and compensatory and punitive damages. The District Court granted defendants' motion to dismiss on the basis that DuBray's complaint was effectively a bad faith action barred by § 33-18-242(6)(b), MCA prior to resolution of the underlying claim against the insured. DuBray appeals the District Court's order. We affirm in part and reverse in part.

¶2 We consolidate and restate the issue presented as follows:

¶3 Did the District Court err when it dismissed DuBray's claim for declaratory judgment for failure to state a claim upon which relief can be granted?

## FACTUAL BACKGROUND

¶4 The parties agree that on July 10, 1998, a motor vehicle collision occurred between a vehicle driven by Farmers Insurance Exchange's insured, Steven Crawford, and a vehicle driven by the plaintiff, Robert DuBray. Following the accident, DuBray submitted a claim to Farmers for property damage and personal injuries caused by the accident. Farmers concluded that Crawford was primarily liable for the accident and advanced medical payments and compensation for property damages to DuBray.

¶5 When Farmers declined to advance further payments for medical expenses, DuBray brought this declaratory judgment action in the District Court for the Eighteenth Judicial District in Gallatin County to compel Farmers to continue paying his medical expenses. As of the date this matter was submitted, DuBray's underlying suit against Crawford to

determine and recover damages caused by Crawford's negligence had not been resolved. DuBray's complaint sought to recover "actual damages in an amount equal to DuBray's unpaid medical expenses, compensation for his pain and discomfort, mental distress, inconvenience and embarrassment, punitive damages, costs of suit and interest ..."

¶6 Farmers filed a Rule 12(b)(6) M.R.Civ.P. motion to dismiss on the grounds that DuBray failed to state a claim for which relief can be granted. The District Court initially denied Farmers' motion. After Farmers objected to DuBray's first set of discovery requests, DuBray moved for an order compelling Farmers to disclose materials he contended were relevant to the declaratory judgment action. Farmers then filed a motion to reconsider the order denying its motion to dismiss.

¶7 On November 30, 2000, the District Court issued an order which granted Farmers' motion to dismiss. The District Court concluded that DuBray's claim, though filed as a declaratory judgment action, had been transformed through discovery requests to "an insurance bad faith claim in disguise." Consequently, the District Court granted Farmers' motion to dismiss and denied DuBray's motion to compel. DuBray now appeals from the order of the District Court.

## STANDARD OF REVIEW

¶8 A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief. A motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Boreen v. Christensen* (1994), 267 Mont. 405, 408, 884 P.2d 761, 762. The determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law, which we review to determine whether the court's interpretation of the law is correct. *Boreen*, 267 Mont. at 408, 884 P.2d at 762.

## DISCUSSION

¶9 Did the District Court err when it dismissed DuBray's declaratory judgment action for failure to state a claim upon which relief can be granted?

¶10 The District Court, having concluded that DuBray's complaint was the substantive equivalent of a bad faith action, dismissed the complaint pursuant to Rule 12(b)(6) M.R. Civ.P. The District Court relied on *Fode v. Farmers Insurance Exchange* (1986), 221 Mont. 282, 719 P.2d 414, for its conclusion that bad faith claims may not be brought until the liability issues of the underlying case have been determined either by settlement or by judgment. Based on this conclusion, the District Court dismissed DuBray's complaint in its entirety.

¶11 DuBray contends that the District Court erred by relying on *Fode* and ignoring *Safeco Ins. Co v. District Court*, 2000 MT 153, 300 Mont. 123, 2 P.3d 834, where we approved declaratory judgment actions as a means for compelling advance payment of medical expenses. DuBray further contends that his declaratory judgment action was filed pursuant to the Uniform Declaratory Judgment Act, §§ 27-8-101 through -313, MCA, and not § 33-18-242(6)(b), MCA, and therefore is not a bad faith claim and is not barred.

¶12 Farmers contends that *Safeco* only authorized declaratory judgment actions for those damages which, according to our decision in *Ridley v. Guaranty Nat'l Ins. Co.* (1997), 286 Mont. 325, 951 P.2d 987, are owed prior to final settlement; that the only damages to which *Ridley* applies are undisputed medical expenses; and that, therefore, the District Court should be affirmed.

¶13 We agree with the District Court and Farmers that, with the exception of damages for which liability is reasonably clear, our decision in *Safeco* did not authorize a declaratory judgment action to determine an insurer's liability prior to resolution of the underlying claim on which the insurer's liability is premised. Therefore, we conclude that the District Court correctly dismissed DuBray's claims for pain and discomfort, mental distress, inconvenience, and punitive damages. However, *Safeco* specifically held that declaratory judgment proceedings to determine liability for payment of those damages, such as medical expenses, about which liability is reasonably clear are not barred by § 33-18-242 (6)(b), MCA. Therefore, we conclude that the District Court erred when it dismissed that part of DuBray's claim that sought payment of medical expenses. Furthermore, we conclude that to construe *Ridley* as applying only to medical expenses just because medical expenses were all that were at issue in that case is to construe our holding too narrowly and ignore the principle for which it stands, and to the extent that language in *Safeco* is inconsistent with this conclusion we take this opportunity to clarify it.

¶14 The essence of our holding in *Ridley* is that where liability is reasonably clear, injured

victims are entitled to payment of those damages which are not reasonably in dispute without first executing a settlement agreement and final release. In arriving at this conclusion, we relied on Montana's public policy of protecting innocent victims of automobile accidents, as established by the "mandatory liability protection" provisions found at §§ 61-6-301 to -304, MCA. We noted that "[i]t is clear that the mandatory liability insurance law seeks to protect members of the general public who are innocent victims of automobile accidents." *Ridley*, 286 Mont. at 335, 951 P.2d at 993 (citations omitted.) Finally, we concluded that "[*o*]*ne of the most significant obligations* that innocent victims of automobile accidents incur and for which mandatory liability insurance laws were enacted, is the obligation to pay the costs of medical treatment." (emphasis added.)

¶15 Nothing in *Ridley* suggests that its scope should be categorically limited to medical expenses. Rather, medical expenses are just one of the obligations incurred by victims that mandatory liability insurance laws were designed to alleviate. Lost wages which are reasonably certain and directly related to an insured's negligence or wrongful act are another example.

¶16 Therefore, while we conclude that the general and punitive damages DuBray sought in his complaint were not authorized pursuant to *Ridley*, the District Court incorrectly dismissed the entire action. DuBray's claims for declaratory relief in the form of advance medical payments were authorized by *Ridley* and should have been allowed to proceed. Accordingly, we affirm in part and reverse in part and remand to the District Court for further proceedings consistent with this opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART