No. 02-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 342N

VICTOR ALLAN SMITH,

        Plaintiff and Appellant,

   v.

RICK VAUGHN, CENTURY 21 AGENT,
CENTURY 21 REAL ESTATE CO., et al.,

        Defendants and Respondents.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
                     In and for the County of Ravalli,
                     The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Victor Allan Smith (pro se), Shelby, Montana

        For Respondents:

        (No Respondents' brief filed)


                         Submitted on Briefs:  December 13, 2002

                                  Decided:  December 23, 2002

Filed:

                              _____
                                       Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Victor Smith appeals from the order of the Twenty-First Judicial District Court, Ravalli County, which dismissed his complaint against the Respondents, Rick Vaughn and Century 21 Real Estate Co., et al. We reverse and remand.

¶3 The sole issue on appeal is whether the District Court erred when it dismissed Smith's cause of action.

BACKGROUND

¶4 On June 7, 2000, Smith, appearing pro se, filed a complaint against the Respondents which stated, "Plaintiff alleges 'deceptive practices' and the 'illegal' confiscation of real property by the defendants." Smith sought compensatory and punitive damages from the Respondents. On the same day Smith filed the complaint, he also filed a "Motion For Leave to File a Supplemental Complaint." The District Court granted Smith leave to file a "supplemental" complaint as well as two subsequent extensions of time to file the same.

¶5 On August 25, 2000, Smith filed two motions with the District Court, a motion for leave to obtain a subpoena duces tecum and a "Motion For Leave for All Copies of the Court Minutes and Transcripts" from a criminal proceeding in which Smith pled guilty

2

to aggravated assault.  The District Court granted Smith's first motion and directed Smith to submit a proposed subpoena to the court.  The District Court denied Smith's second motion.  In the ensuing months, Smith filed similar motions and proposed orders which the District Court denied.

¶6   On August 8, 2001, Smith submitted a letter to the District Court seeking advice on how to proceed.  Smith claimed that "as a Pro-Se litigant . . . [he] should be held to less stringent standards of law" and sought counsel on how "to expedite this matter."  On September 14, 2001, the District Court issued a Memorandum in response to Smith's letter.  The Memorandum summarized the procedural history of the case and concluded with the following:

> This action is a civil suit somehow concerning a transaction involving real property.  Under Montana Law, Smith is perfectly entitled to represent himself in this case, but he has not shown that he should be held to any lesser standards of legal knowledge and conduct than that expected of licensed attorneys at law.  In addition, Montana judges are not allowed to render legal advice or engage in ex parte communications with litigants.

> Since the Plaintiff has neglected to amend or "supplement" his complaint to specify his claimed cause of action against the Defendants and has neglected to show why [he] needs discovery from third parties to do so, the Court is left to speculate as to why this discovery is necessary.

> The Plaintiff is hereby granted one final extension until October 10, 2001, to amend his complaint to state specific causes of action against the Defendants sufficient to comply with Rule 8(a), M.R.Civ.P.  In addition, if the Plaintiff continues to seek discovery from third parties, the Plaintiff must make showing that such discovery is necessary to the effective presentation of his case and is not otherwise obtainable.  Moreover, the Plaintiff needs to be aware that he is not entitled to preparation of transcripts of court proceedings at public expense for use in a civil case of this nature.  This is particularly true when Plaintiff has made no effort to show how there is even any relationship between

3

the two cases.

> IT IS THEREFORE ORDERED that Plaintiff file an Amended Complaint that fully complies with Rule 8(a), M.R.Civ.P., on or before October 10, 2001, or this case will be dismissed.

The District Court sent this Memorandum to Smith at the Missoula Regional Prison via certified mail.

¶7 Soon thereafter, Smith filed a "Motion For Copy of District Court File." Smith acknowledged the October 10, 2001, deadline but submitted that he could not comply with the order without the information requested in the motion. The District Court denied the motion on October 22, 2001. Smith did not file a "supplemental" complaint within the time allotted and, on October 25, 2001, the District Court entered the following order:

> Plaintiff having failed to file an Amended Complaint within the time allowed by this Court in its Memorandum Order filed September 20, 2001, and no extension of that time having been requested or granted, and good cause otherwise appearing,

> IT IS ORDERED that this case is hereby DISMISSED.

Smith appeals from the District Court's order of dismissal.

DISCUSSION

¶8 Did the District Court err when it dismissed Smith's cause of action?

¶9 The facts of this case make it somewhat difficult to apply a traditional standard of review analysis. As provided in the Montana Rules of Civil Procedure, a district court may dismiss a complaint for various reasons. Rule 12(b)(6), M.R.Civ.P., authorizes a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. We review such dismissals to determine whether the court's interpretation of the

4

law is correct. *DuBray v. Farmers Ins. Exchange*, 2001 MT 251, ¶ 8, 307 Mont. 134, ¶ 8, 36 P.3d 897, ¶ 8.  Rule 41(b), M.R.Civ.P., authorizes a district court to dismiss an action for failure "to prosecute or to comply with these rules or any order of court . . . ."  We review orders in the nature of a Rule 41(b), M.R.Civ.P., dismissal for an abuse of discretion. *McKenzie v. Scheeler* (1997), 285 Mont. 500, 507, 949 P.2d 1168, 1172.

¶10  Here, the Respondents clearly did not file a Rule 12(b)(6), M.R.Civ.P., motion or any other motion to dismiss for that matter.  Further, the District Court did not indicate in its Memorandum or order of dismissal a justification for dismissing the action.

¶11  In its September 14, 2001, Memorandum, the District Court warned Smith that if he failed to file an amended complaint "on or before October 10, 2001 . . . this case will be dismissed."  The District Court cited no authority for the proposed action.  In a subsequent motion, Smith acknowledged the admonition stating, "Currently, the Court has ordered that the Plaintiff Amend his complaint on or before October 10, 2001."  Nevertheless, Smith failed to file the amended complaint within the time allowed.  Therefore, on October 25, 2001, the District Court dismissed Smith's cause of action as it warned in its prior Memorandum.  However, the District Court again failed to cite any authority for its dismissal.

¶12  Clearly, it was within the District Court's discretion to preclude the filing of an amended complaint following expiration of the time allowed.  To the court's credit, it provided Smith with multiple opportunities to comply.  However, the record indicates that neither Smith, nor the Respondents moved to dismiss the

5

original complaint.  While Smith failed to timely file an amended complaint, the record shows that the original complaint remained in effect.  As indicated above, the District Court not only warned Smith that it would not accept an amended complaint later than October 10, 2001, but it also threatened to dismiss the entire action, with prejudice, for failure to file the amendment. However, the District Court offered no authority in support of this drastic measure in its September 14, 2001, Memorandum or final order of dismissal.

¶13  One might argue that the District Court's order implies dismissal for a failure to comply with Rule 8(a), M.R.Civ.P. Further, an argument could be made that the District Court dismissed the cause of action for failure to comply with a court order, as provided in Rule 41(b), M.R.Civ.P., assuming there is a defect in the original complaint.  However, the District Court did not give Smith any indication as to why it would impose the ultimate penalty, dismissal with prejudice.  On appeal, we hesitate to speculate on the District Court's rationale and, therefore, decline to affirm such a ruling absent any supporting authority. Therefore, for the foregoing reasons, we hold that the District Court erred when it dismissed the action.

¶14  Reversed and remanded for proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER

6

/S/ W. WILLIAM LEAPHART