DA 10-0601

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 215

TIMOTHY HOP, individually and on
behalf of all others similarly situated,

Plaintiff and Appellee,

v.

SAFECO INSURANCE COMPANY
OF ILLINOIS,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV-08-210C
                 Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

            For Appellant:

                 Carey E. Matovich, Brooke B. Murphy, Matovich, Keller & Murphy, P.C.,
                 Billings, Montana

            For Appellee:

                 Christopher R. Angel, Brian P. Fay, Angel, Coil & Bartlett,
                 Bozeman, Montana

                                        Submitted on Briefs:  July 20, 2011

                                                   Decided:  August 30, 2011

Filed:

            _____
                                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Timothy Hop's automobile was damaged in an accident with a Safeco insured. In addition to the costs of repair, Hop sought "residual diminished value" (RDV) for his vehicle. RDV is the difference between the value of a vehicle immediately before an accident and the value of the vehicle after post-accident repairs have been made. When Safeco failed to pay RDV, Hop moved the Eighteenth Judicial District Court to certify a class action against the insurer. Hop sought, on behalf of himself and all proposed class members, injunctive and declaratory relief and monetary damages. The District Court granted the motion for class certification. We reverse.

## ISSUE

¶2    A restatement of the dispositive issue on appeal is:

¶3    Did the District Court abuse its discretion by certifying Hop's proposed class action?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    In October 2007, Hop acquired a 2006 Chevrolet Corvette with 4,000 miles on it. Thirty-three days after this acquisition, on November 6, Hop's vehicle was struck by another vehicle driven by Helen Flath, a Safeco insured. It is undisputed the accident was caused by Flath's negligence. Damages to Hop's car totaled approximately $8,222. Safeco paid the costs of the "evident reasonable and necessary repairs" to Hop's vehicle.

¶5    In addition to the obvious physical damage to his car, Hop claimed that the vehicle sustained residual diminished value. He asserted that the amount Safeco paid to repair his car did not fully compensate him because it did not include damages for RDV. In

2

December 2007, Hop demanded RDV compensation from Safeco. Safeco agreed to investigate Hop's RDV claim and sent a letter to Hop's attorney advising him so. Safeco erroneously sent this letter to the wrong law firm and Hop's attorney never received it. After not hearing from Hop or Hop's attorney, Safeco closed the file on Hop's claim in January 2008 without compensating Hop for RDV.

¶6 In March 2008, Hop filed a Class Action Complaint for Declaratory Relief in the District Court. Hop argued that Safeco had a company-wide policy of refusing to investigate RDV claims of third parties whose vehicles were damaged by a Safeco insured. Hop asserted that the many people whose vehicles were damaged by a Safeco insured and who were not paid RDV by Safeco constituted a class for purposes of a class action suit against Safeco. He sought a declaration that Safeco was required to investigate and pay the class members for RDV, certification of class members, an order requiring Safeco to identify and advise each class member of the lawsuit and potential entitlement to further insurance benefits, an order requiring "immediate payment to each and every Class Member" of the RDV of their vehicle with interest, and costs and attorney fees.

¶7 The District Court found that while Safeco claimed to acknowledge RDV as a possible element of damages in a Montana property damage claim, it does not investigate such claims unless a third party claimant specifically demands compensation for RDV. Furthermore, Safeco has no written procedures for investigating RDV claims. As a result, the court found, Safeco has failed to investigate and pay "virtually every RDV claim in Montana."

¶8 After analysis of M. R. Civ. P. 23(a) and (b), the District Court concluded that the prerequisites of Rule 23(a) were satisfied and certification of the class identified by Hop was appropriate under Rule 23(b)(2). Safeco appeals.

## STANDARD OF REVIEW

¶9 We review a district court's decision on a motion for class certification for an abuse of discretion. *Gonzales v. Mont. Power Co.*, 2010 MT 117, ¶ 10, 356 Mont. 351, 233 P.3d 328 (citing *Ferguson v. Safeco Ins. Co. of Am.*, 2008 MT 109, ¶ 10, 342 Mont. 380, 180 P.3d 1164).

## DISCUSSION

¶10 *Did the District Court abuse its discretion by certifying Hop's proposed class action?*

¶11 In his Class Action Complaint, Hop contends that Safeco is violating the Unfair Trade Practices Act (UTPA), Title 13, chapter 18, MCA. Referencing RDV claims, Hop maintains that Safeco has "with such frequency as to indicate a general business practice" failed "to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies," and has "refuse[d] to pay claims without conducting a reasonable investigation based upon all available information." Section 33-18-201(3) and (4), MCA.

¶12 Safeco counters that Hop may not sue the insurer directly until he has met the applicable statutory requirements. Section 33-18-242(1), MCA, provides that insureds *and third parties* may bring an independent action against an insurer for violations of certain subsections of § 33-18-201, MCA, including but not limited to § 33-18-201(4),

4

MCA, i.e., refusal to pay claims without a reasonable investigation. While § 33-18-242, MCA, allows for independent actions, it places some restrictions on these cases. One such restriction applies to Hop's claim.

¶13 We glean from the record before us that Hop has filed a complaint against Flath for additional damages but has not yet served her, nor have Hop and Safeco on behalf of Flath reached a settlement of Hop's underlying claim for RDV damages to his vehicle. Seemingly, this would be a bar to Hop's present third party UTPA claim because § 33-18-242(6)(b), MCA, provides that "[a] third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim."

¶14 Hop, however, argues that the requirements of § 33-18-242(6)(b), MCA, are inapplicable because he is seeking declaratory relief under the Uniform Declaratory Judgments Act (UDJA), Title 27, chapter 8, MCA. He relies upon *Ridley v. Guaranty Natl. Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997), for the proposition that he may bring his declaratory judgment action despite the absence of any judgment in or settlement of his underlying claim.

¶15 In *Ridley*, Ridley was injured in an automobile accident that was primarily caused by the negligence of the other driver, an insured with Guaranty National Insurance Company. Guaranty acknowledged its liability but refused to pay Ridley's medical expenses in advance of final settlement of Ridley's claim. *Ridley*, 286 Mont. at 328, 951 P.2d at 989. Ridley sued under both UDJA §§ 27-8-201, -202, MCA, and UTPA § 33-18-201, MCA, and the district court ruled in favor of Guaranty. This Court

5

reversed, holding that, under §§ 33-18-201(6) and (13), MCA, of the UTPA, an insurer is obligated to pay an injured third party's medical expenses before final settlement if liability is reasonably clear. *Ridley*, 286 Mont. at 334, 951 P.2d at 992. *Ridley* subsequently has been interpreted to allow a declaratory judgment proceeding—before an underlying § 33-18-242(6)(b), MCA, case is completed—for advance payment of expenses "not reasonably in dispute." *Safeco Ins. Co. v. Eighth Jud. Dist. Ct.*, 2000 MT 153, 300 Mont. 123, 2 P.3d 834; *DuBray v. Farmers Ins. Exchange*, 2001 MT 251, 307 Mont. 134, 36 P.3d 897.

¶16 Hop insists that he is not seeking monetary damages in a bad faith action pursuant § 33-18-242, MCA; rather, he is seeking declaratory and injunctive relief. He asserts that "[t]he *Ridley* related [sic] relief that [he] and the class seek is but a small portion of the relief" being sought. Hop's protests notwithstanding, and acknowledging Hop's requests for declaratory and injunctive relief, the fact remains that Hop is also undeniably seeking monetary damages in the form of RDV for himself and all proposed class members. We therefore must determine whether the type of damages Hop is seeking is akin to the advance payment of expenses not reasonably in dispute, as allowed in *Ridley*.

¶17 We conclude Hop's reliance on *Ridley* in an attempt to bypass the provisions of § 33-18-242(6)(b), MCA, is misplaced. Hop is seeking money damages that are readily distinguishable from the types of advance damages paid in *Ridley*, *DuBray* and *Safeco*, i.e., medical expenses and lost wages not reasonably in dispute. We reasoned in *Ridley* that where an insured tortfeasor is clearly at fault and the medical bills and lost wages incurred by the claimant are plainly ascertainable, public policy dictates that mandatory

6

liability insurance pay such expenses in a timely fashion so as not to "devastat[e] . . . a family of average income." *Ridley*, 286 Mont. at 335. Medical expenses must be promptly paid and wage loss promptly reimbursed so as not to overwhelm an injured accident victim. RDV, on the other hand, is not an indisputable out-of-pocket item of damages; the failure to pay it promptly will neither destroy a person's credit nor impose financial stress.

¶18 When considering what type of damages *Ridley* contemplates as being immediately payable by the insurer, and thus allowable without there first being a third party action resolved by settlement or judgment, *DuBray* is instructive. DuBray, like Hop, filed a declaratory action in which he also sought damages. We held in *DuBray* that medical expenses and lost wages are the types of obligations that are "not reasonably in dispute," and are therefore payable promptly before settlement or judgment of the underlying claim. *DuBray*, ¶ 14. However, we affirmed the district court's dismissal of DuBray's request for other actual damages such as compensation for pain, discomfort, mental distress, and punitive damages. We said that "the general and punitive damages DuBray sought in his complaint were not authorized pursuant to *Ridley*." *DuBray*, ¶ 16. Thus, to the extent his complaint for declaratory judgment also sought general damages, we affirmed the decision of the district court to dismiss DuBray's declaratory action in part "on the basis that DuBray's complaint was effectively a bad faith action barred by § 33-18-242(6)(b), MCA." *DuBray*, ¶ 1.

¶19 Similarly, RDV does not qualify as the type of damage that must be paid in advance as "not reasonably in dispute." Unlike medical expenses and wage loss, lack of

7

advance payment of RDV will not financially overwhelm an accident victim. Moreover, such claims are wholly subjective in nature and not plainly ascertainable in amount. Furthermore—and again unlike the instance of medical bills and lost wages—this Court has not yet addressed the question of whether insurers in Montana have an obligation to pay RDV claims at all, much less in advance. This being so, *Ridley* and *DuBray* do not support Hop's contention that he may seek RDV under the UDJA without first meeting the requirements of § 33-18-242(6)(b), MCA. Therefore, Hop's UTPA claim against Safeco for RDV is not ripe for adjudication.

¶20 Returning to M. R. Civ. P. 23(a), one of the requisites of the rule is that the claims of the representative party must be typical of the claims of the class. There cannot be typicality sufficient to satisfy the rule unless the named representative has individual standing to raise the legal claims of the class. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. Fla. 2000). As the foregoing discussion demonstrates, Hop has not yet met the requirements of § 33-18-242(6), MCA. He therefore does not have individual standing to raise his claim, nor does he have the requisite typicality to raise a claim on behalf of the class he purports to represent.

## CONCLUSION

¶21 For the foregoing reasons, we conclude the District Court abused its discretion in certifying a class action before Hop had satisfied the statutory requirements to bring an individual third party action against Safeco. We therefore reverse the District Court's order granting Hop's motion for certification and remand with instructions to dismiss Hop's class action without prejudice.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE