**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDI A. FRY, individually and on behalf of all others similarly situated, AKA Heidi A. Johnson-Fry,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant - Appellee. | No. 11-35691<br><br>D.C. No. 2:11-cv-00004-RKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Submitted July 13, 2012[**]
Seattle, Washington

Before: SCHROEDER, KLEINFELD, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Heidi A. Fry appeals the district court's dismissal with prejudice of her putative class action lawsuit against Defendant-Appellant State Farm. Fry seeks a declaratory judgment for the residual diminished value (RDV) of her vehicle, which was damaged by a driver who was insured by State Farm. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In Montana, third parties may not directly sue a tortfeasor's insurer "until after the underlying claim has been settled" or the third party obtains a judgment against the tortfeasor on the underlying claim. Mont. Code Ann. 33-18-242(6)(b). Fry contends that her claim falls within the exception to that statute that was created by *Ridley v. Guaranty National Insurance Co.*, 951 P.2d 987 (Mont. 1997), which allows a third party to bring a declaratory judgment action against the insurer if the insurer refuses to pay medical expenses or lost wages. This argument is unavailing because the Montana Supreme Court recently ruled that *Ridley* does not apply to RDV claims. *Hop v. Safeco Ins. Co.*, 261 P.3d 981, 984 (Mont. 2011) ("RDV does not qualify as the type of damage that must be paid in advance as 'not reasonably in dispute.'"). Accordingly, we affirm the district court's dismissal with prejudice of Fry's complaint.

2

**AFFIRMED.**