No. 02-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 355

VICTOR D. SIEGLOCK, BRUCE G. HOOVER, DONNA N.
WILCOX, GARY W. MARQUART, and HOWIE N. GROOM,
Individually, and all others similarly situated,

      Plaintiffs and Appellants,

    v.

BURLINGTON NORTHERN SANTA FE RAILWAY
COMPANY, a Delaware Corporation,

      Defendant and Respondent.


APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark, Cause No. BDV 2001-308,
                The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

            Chris R. Young, Attorney at Law, Havre, Montana

            Charles T. Hvass, Jr., Russell A. Ingebritson, Ingebritson & Associates, LLP,
            Minneapolis, Minnesota

      For Respondent:

            Randy J. Cox, Scott M. Stearns, Boone Karlberg, P.C., Missoula, Montana


                    Submitted on Briefs:  April 3, 2003

                             Decided:  December 18, 2003

Filed:

_____
                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Victor D. Sieglock and other Named Plaintiffs, employees and former employees of Burlington Northern Santa Fe Railway Company (BNSF), appeal from an Order entered by the First Judicial District Court of Montana, Lewis and Clark County, denying their motion to certify their lawsuit as a class action. We affirm in part, reverse in part and remand.

BACKGROUND

¶2    In early 1998, BNSF published a list of names of the top three hundred overtime wage earners in its track department. The list included personal information about the employees, including their city and state of residence and social security number. Employees on the list resided in twenty-four different states, including eighteen employees from the state of Montana.

¶3    The railroad contends it compiled the list to identify budget overruns in an effort to determine why the railroad was experiencing such high levels of overtime wages. BNSF claimed it prepared the list to determine if the overtime was due to legitimate or fraudulent causes.

¶4    Donna Wilcox, Gary Marquart and Howie Groom initially filed a class action in United States District Court, District of Minnesota, on May 9, 2000, against BNSF, claiming damages resulting from release and circulation of the list. They claimed BNSF tortiously invaded plaintiffs' reasonable expectations of privacy when it both negligently and intentionally published private facts and breached its fiduciary duty for safe keeping of private facts. They sought an injunction prohibiting BNSF from continuing any other business practices which would encourage or condone publication of the information. Due

2

to lack of complete diversity, the United States District Court in Minnesota dismissed their claims without prejudice.

¶5 On May 15, 2001, Sieglock and other Named Plaintiffs filed a class action in the First Judicial District Court of Montana, Lewis and Clark County. Named Plaintiffs were citizens of Montana, Texas, Minnesota and Washington. They based their cause of action upon BNSF's wrongful publication of private facts and private information, breach of fiduciary duty, and negligent management based upon § 39-2-703, MCA. Sieglock filed a motion seeking class certification and the District Court held a hearing on the motion on April 17, 2002. In denying the class certification motion, the District Court held that Sieglock failed to meet the commonality requirement in Rule 23(a)(2), M.R.Civ.P., because the proposed class did not share common questions of law or fact. It is from this Order that Sieglock appeals. We restate the issues on appeal:

¶6 1. Did the District Court abuse its discretion when it failed to certify Sieglock's proposed class under Rule 23, M.R.Civ.P.?

¶7 2. Did the District Court abuse its discretion by failing to consider or rule upon the request to certify the class under Rule 23(b)(2) relating to the plea for injunctive relief?

STANDARD OF REVIEW

¶8 Trial courts have the broadest discretion when deciding whether to certify a class. *McDonald v. Washington* (1993), 261 Mont. 392, 399, 862 P.2d 1150, 1154. The judgment of the trial court should be accorded the greatest respect because it is in the best position to consider the most fair and efficient procedure for conducting any given litigation. *McDonald*, 261 Mont. at 399-400, 862 P.2d at 1154. Therefore, this Court will not disturb

3

a trial court's ruling on a motion to certify, unless there is an abuse of discretion. *McDonald*, 261 Mont. at 400, 862 P.2d at 1154.

## DISCUSSION

¶9     Did the District Court abuse its discretion when it failed to certify Sieglock's proposed class under Rule 23, M.R.Civ.P.?

¶10     At the outset, we would like to point out that Rule 23, M.R.Civ.P., is identical to Rule 23, F.R.Civ.P.; therefore, federal authority is instructive on the issue of class certification. When certifying a class, the party seeking certification has the burden of proving that the proposed class meets all the requirements of Rule 23. *Polich v. Burlington Northern, Inc.* (D. Mont. 1987), 116 F.R.D. 258, 260. Rule 23, M.R.Civ.P., states in pertinent part:

> (a)  Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if:
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.
> (b) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2)  the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3)  the court finds that the questions of law or fact common to the members

4

of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The trial court's threshold inquiry is whether the putative class action satisfies the four prerequisites of Rule 23(a); numerosity, commonality, typicality, and adequacy of representation. *Polich*, 116 F.R.D. at 260. The District Court concluded that Sieglock failed to meet the commonality requirement of Rule 23(a)(2), M.R.Civ.P., because there were no common questions of law, therefore it denied class certification. The District Court focused on our recent decision of *Phillips v. General Motors Corp.,* 2000 MT 55, 298 Mont. 438, 995 P.2d 1002, where we adopted the "most significant relationship" test of the Restatement of Law (Second) of the Conflicts of Law for determining the applicable substantive law for torts. *Phillips*, ¶ 23.

¶11 The commonality element requires that all members of the proposed class share common questions of law or fact. Rule 23, M.R.Civ.P. Total commonality is not required, meaning all questions of law or all questions of fact need not be common. *Weiss v. York Hospital* (3rd Cir. 1984), 745 F.2d 786, 808-09. The requirements of Rule 23(a)(2) are disjunctive, therefore, the party seeking classification must have either common questions of law or fact. *Hanlon v. Chrysler Corp.* (9th Cir. 1998), 150 F.3d 1011, 1019. Commonality is satisfied when the question of law linking class members is substantially related to resolving the litigation, even though individuals may not be similarly situated.

5

*Jordan v. County of Los Angeles* (9th Cir. 1982), 669 F.2d 1311, 1320. Similarly, commonality will also be satisfied when there is a "common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. The nature of the plaintiffs' claim is directly relevant in determining whether the matters in controversy are individual or suitable as a class action. *Polich*, 116 F.R.D. at 261.

¶12 Sieglock argues that the potential class shares common legal questions for invasion of privacy and breach of fiduciary duty under Montana law, asserting that each claim is identical. Section 39-2-703, MCA, states in pertinent part, "[e]very person or corporation operating a railway or railroad in this state is liable for all damages sustained by any employee . . . ." He further claims this statute applies to any employee of a railroad, regardless of domicile, relating to railroad mismanagement. Sieglock maintains that the applicable laws in other states are so substantially similar to the law in Montana that the legal questions are identical.

¶13 Conversely, BNSF contends that cases may not be manageable as a class action where the law of multiple jurisdictions applies. The railroad maintains that the alleged torts in the present action will require the application of differing tort laws from varying jurisdictions since the torts originated throughout a wide geographic area. In a procedural context, BNSF asserts that the District Court correctly determined that Sieglock failed to meet his burden of showing the potential class members shared sufficient common issues of law when he failed to adequately brief the District Court on applicable law from other states.

¶14 In this case, the proposed class has members from twenty-four states. Therefore, it is at least likely that the District Court would have to apply substantive tort law from

6

multiple jurisdictions to various plaintiffs. This is quite different than the situation where the applicable law is derived from a single federal cause of action. *See, e.g., Zinser v. Accufix Research Inst., Inc.* (9th Cir. 2001), 253 F.3d 1180, 1189 (holding class certification was inappropriate when multiple state law applied because judicial economy and efficiency would be lost). Sieglock confronts this issue by arguing that Montana law is the appropriate substantive law to apply to the proposed class, but then fails to articulate the similarities between Montana's tort laws and each other states' tort law or why Montana law would apply. Sieglock asserts in broad and general terms that the legal questions of the Named Plaintiffs are identical to all other employees on the list, therefore the questions of law are exactly the same. The Appellant makes no attempt to connect a common legal thread between members of the putative class.

¶15 As a result, the District Court was not presented with the opportunity to properly determine if there is a question of law linking each proposed class member, and if such law is substantially related to resolving the present litigation. In *Doninger v. Pacific Northwest Bell, Inc.* (9th Cir. 1977), 564 F.2d 1304, the court found that the appellant did not meet the requirements of Rule 23(a)(2) when it failed to demonstrate how each law of multiple states was common, therefore that court held that class certification was not appropriate. Using broad and general terms does not allow the court to accurately determine whether there are common questions of law or fact. *Doninger*, 564 F.2d at 1311. Absent such explanation, this Court will not disturb the District Court's discretionary determination that there are no common questions of law.

¶16 Although not addressed by the District Court, Sieglock could still meet the

7

prerequisite of Rule 23(a)(2), M.R.Civ.P., by establishing that the members of the proposed class all enjoy a common core of salient facts. He argues that BNSF published all 300 members' confidential information by sending the compiled list via facsimiles and photocopies of the facsimiles. He maintains that this conduct was standardized in that the list was copied exactly the same each time, and as such, each putative class member is potentially subject to the same exact panalopy of harms. Thus, he urges, the requirement of a common issue of fact is easily met.

¶17 BNSF counters that there are no common issues of fact because there are a variety of disparate, potential individual claims. BNSF argues that the tort of invasion of privacy is highly personal and in turn damages, if suffered at all, are unique to each member. BNSF maintains that the persons they contacted who were on the list were affected in very personal and individualized ways, if at all.

¶18 From our review of the District Court's Order, it does not appear that it considered whether the plaintiffs shared a common core of salient facts, irrespective of its decision that there was no commonality of law. As stated above, the requirements of Rule 23(a)(2) are in the disjunctive. *Hanlon*, 150 F.3d at 1019. Therefore, we deem it appropriate to reverse the Order of the District Court denying certification and remand this matter for its consideration of whether there is a common core of salient facts that would satisfy Rule 23(a)(2), M.R.Civ.P. If so, the District Court must then proceed with further and appropriate analysis of the remaining provisions of Rule 23, M.R.Civ.P.

ISSUE TWO

¶19 Did the District Court abuse its discretion by failing to consider or rule upon the

8

request to certify the class under Rule 23(b)(2) relating to the plea for injunctive relief?

¶20     In light of our remand on Issue One, we would direct the District Court to address Appellants' request to certify under Rule 23(b)(2) should it determine that the Appellants satisfy the prerequisites of Rule 23(a), M.R.Civ.P.

¶21     Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with our Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE