DA 06-0045

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 109

MARGARET FERGUSON, individually, and on behalf
of herself and all others similarly situated,

        Plaintiffs and Appellants,

    v.

SAFECO INSURANCE COMPANY OF AMERICA;
SAFECO INSURANCE COMPANY OF ILLINOIS;
SAFECO NATIONAL INSURANCE COMPANY;
GENERAL INSURANCE COMPANY OF AMERICA;
FIRST NATIONAL INSURANCE COMPANY OF AMERICA;
AMERICAN STATES INSURANCE COMPANY;
AMERICAN STATES PREFERRED INSURANCE COMPANY;
AMERICAN ECONOMY INSURANCE COMPANY; and
CHERYL WIGNOT,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-2004-628(B)
                Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Allan M. McGarvey, McGarvey, Heberling, Sullivan & McGarvey, P.C.,
                Kalispell, Montana

                Alan Jay Lerner, Lerner Law Firm, Kalispell, Montana

                Judah M. Gersh, Viscomi & Gersh, PLLP, Whitefish, Montana

        For Appellees:

                Carey E. Matovich, Brooke B. Murphy, Matovich & Keller, P.C.,
                Billings, Montana

Submitted on Briefs:  August 16, 2006

Decided:  April 1, 2008

Filed:

_____
                        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Margaret Ferguson appeals an order of the District Court for the Eleventh Judicial District, Flathead County, denying her motion for certification of her lawsuit as a class action. We reverse and remand for further proceedings consistent with this Opinion.

¶2 We address the following issue on appeal: Whether the District Court properly denied certification of Ferguson's proposed class.

## Factual and Procedural Background

¶3 Ferguson was involved in a serious motor vehicle accident on December 14, 1999, in which she incurred property damage losses and bodily injuries. Ferguson was insured by Safeco Insurance Company of America (Safeco), which paid for the total loss of her vehicle less her deductible. Safeco also paid for a portion of the rental car expenses that Ferguson incurred and some of Ferguson's medical bills under her med-pay coverage. There were other items of property damage that Safeco did not pay for.

¶4 In December 2000, Safeco subrogated against the tortfeasor's insurance carrier, recovering some of the amounts it paid for property damage pursuant to Ferguson's collision coverage. Ferguson was not reimbursed for the amount of subrogation recovery that Safeco received from the tortfeasor's insurer.

¶5 On September 23, 2004, Ferguson initiated this action claiming that she was not made whole prior to Safeco subrogating against her recovery. She alleged that Safeco never provided her with any notice that it would seek subrogation; never investigated, inquired or made a determination as to whether Ferguson was made whole for her losses;

and never reimbursed Ferguson for her unrecovered losses including her deductible, her unpaid rental car expenses, and her attorney fees.

¶6 In her Complaint, Ferguson sought damages for violation of Montana's Unfair Trade Practices Act, breach of the insurance contract, constructive fraud, civil conspiracy, and aiding and abetting. She also sought a declaratory ruling that the members of her proposed class are entitled to be made whole before Safeco is entitled to subrogation; that Safeco breached the insurance contracts by seeking excessive subrogation; that Safeco violated the implied covenants of good faith and fair dealing; and that Safeco violated Montana's Unfair Trade Practices Act.

¶7 On May 3, 2005, Ferguson moved the District Court for an order certifying this action as a class action under M. R. Civ. P. 23(b). In her Motion for Class Certification, Ferguson defined the class for whom she sought certification as:

> persons, including natural individuals and business entities:
> a. Who were insured under an auto insurance policy issued by Safeco Insurance Company of America or any of the Safeco Companies in Montana;
> b. Who, as a result of an auto accident, suffered expenses covered by such policy;
> c. Who received payments under the coverages of such policy;
> d. With respect to whom Safeco Insurance Company of America and the Safeco Companies recovered from a third party subrogation for some or all of such payments;
> e. Whose claim arose not more than eight (8) years preceding the filing of the Complaint in this action.

¶8 The District Court denied class certification upon the rationale that this Court's establishment in *Swanson v. Hartford Ins. Co. of Midwest*, 2002 MT 81, 309 Mont. 269, 46 P.3d 584, of the legal duty for insurers taking subrogation eliminated the common

issue, and upon the belief that this action required fact-specific determinations of "made-whole" entitlements.

¶9 Ferguson appeals the District Court's order denying her motion for certification of her lawsuit as a class action.

## Standard of Review

¶10 This court will not disturb a trial court's ruling on a motion to certify unless there is an abuse of discretion. *Sieglock v. Burlington Northern Ry. Co.*, 2003 MT 355, ¶ 8, 319 Mont. 8, ¶ 8, 81 P.3d 495, ¶ 8 (citing *McDonald v. Washington*, 261 Mont. 392, 396, 399, 862 P.2d 1150, 1152, 1154 (1993)).

## Discussion

¶11 *Whether the District Court properly denied certification of Ferguson's proposed class.*

¶12 The District Court denied Ferguson's motion for class certification concluding that Ferguson had not met her burden for bringing this case within the requirements of M. R. Civ. P. 23(a), which provides:

> **Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Specifically, the court determined that Ferguson failed to meet the requirement set forth in M. R. Civ. P. 23(a)(2) regarding commonality because the common issue proposed by Ferguson has already been answered by this Court in *Swanson*. Thus, the court

concluded that there are no remaining substantial questions of either law or fact common to all the members of Ferguson's proposed class.

¶13 The District Court also determined that Ferguson failed to meet the requirements of M. R. Civ. P. 23(b), which provides:

> **Class actions maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Specifically, the court determined that Ferguson failed to identify an issue of law or fact common to the members of the proposed class that predominates over any questions affecting only individual members. Thus, the court determined that Ferguson failed to meet the requirements of M. R. Civ. P. 23(b)(3).

6

¶14 The District Court also concluded that this action would require fact-specific determinations of "made-whole" entitlements, thus it was not suitable for a class action.

¶15 Ferguson argues that the District Court erred in denying class certification under Rule 23(a)(2), because all of the class members share common questions of fact (if not law) arising out of the allegation that Safeco is not abiding by the established rule of law. Ferguson also argues that the District Court erred in applying the "predominance" requirement of Rule 23(b)(3) because class certification requires satisfaction of only one of the requirements of Rule 23(b) and this case is appropriately certified under Rule 23(b)(2) where predominance is not an issue. Finally, Ferguson argues that, contrary to the District Court's findings and conclusions, while this action seeks to compel Safeco to apply the "made-whole" rule, it does not seek to adjudicate any individual "made-whole" entitlements.

*Commonality*

¶16 Class certification requires satisfaction of all four of the prerequisites in Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Alba Conte & Herbert B. Newberg, *Newberg on Class Actions,* vol. 2, § 4:1, 3 (4th ed., West 2002). In this case, the District Court concluded that Ferguson failed to satisfy the commonality requirement in Rule 23(a)(2) which provides that class litigation must present a common issue of law *or* fact. We have previously held that, regardless of differences among class members, this element is met if a single issue is common to all. *McDonald v. Washington*, 261 Mont. 392, 401, 862 P.2d 1150, 1155 (1993).

7

¶17 Ferguson maintains that the common issue in this case is whether the proposed class of Montana insureds is entitled to relief for Safeco's taking of subrogation recoveries without an investigation into and determination of whether these insureds have been made whole. The District Court denied class certification to Ferguson concluding that this Court's decision in *Swanson* regarding an insurer's legal duty for taking subrogation eliminated the common issue. While the District Court is correct that this Court's ruling in *Swanson* established that an insurer may not collect subrogation without first determining that its insurer has been made whole, *Swanson* did not establish whether Safeco is violating that legal standard.

¶18 In *Swanson*, the United States District Court for the District of Montana certified three questions to this Court. The question pertinent to the instant case is:

> Is it the public policy in Montana that an insured must be totally reimbursed for all losses as well as costs, including attorney fees, involved in recovering those losses before the insurer can exercise any right of subrogation, regardless of contract language to the contrary?

We answered this question in the affirmative in *Swanson*, stating that

> "[w]hen the sum recovered by the Insured from the Tortfeasor is less than the total loss and thus either the Insured or the Insurer must to some extent go unpaid, *the loss should be borne by the Insurer for that is a risk the Insured has paid it to assume*."

*Swanson*, ¶ 19 (quoting *Skauge v. Mountain States Tel. & Tel. Co.*, 172 Mont. 521, 528, 565 P.2d 628, 632 (1977) (emphasis in original)).

¶19 Thus, we established in *Swanson* that an insurer has a duty to first determine whether the insured has been made whole before the insurer may collect subrogation. *Swanson*, ¶ 28. In so holding, we followed the law well-established in Montana since our

8

decision 25 years earlier in *Skauge*. Nevertheless, the existence of a well-established duty does not eliminate the common fact issue of whether Safeco has programmatically breached that duty.

¶20 As Ferguson points out in her brief on appeal, under the District Court's rationale, there could be no recourse to class litigation where the legal duty to be enforced has been established by clear legal precedent. Only in cases where the existence of a legal duty was in question would there be a common issue within the meaning of Rule 23(a)(2). However, our case law indicates otherwise.

¶21 We held in *McDonald* that the common issue for class certification was whether the defendant breached a duty owed to all class members. In *McDonald*, past and present consumers of water brought an action against the water company and the sole shareholder alleging failure to provide adequate water and service. The defendants argued that there was no commonality because the consumers lived in different areas and their water sources may have differed from other class members. They also contended that consumers suffered varying health effects from the water, so that the injuries suffered from one putative plaintiff to another were so different that there were not sufficient questions of law or fact common to the class. *McDonald*, 261 Mont. at 400-01, 862 P.2d at 1155.

¶22 We concluded in *McDonald* that the commonality requirement was satisfied because all counts stemmed from the alleged failure of the water company to provide potable water and adequate service, and that the primary cause and common theory of

9

these claims was the same, i.e., an antiquated and poorly repaired water system. *McDonald*, 261 Mont. at 401, 862 P.2d at 1155.

¶23 Moreover, in the instant case, the District Court failed to recognize the common issues of fact arising from Safeco's subrogation program. In *Sieglock v. Burlington Northern Ry. Co.*, 2003 MT 355, ¶ 5, 319 Mont. 8, ¶ 5, 81 P.3d 495, ¶ 5, the trial court denied certification concluding that there were no common questions of law. This Court reversed on the rationale that the trial court failed to consider whether the plaintiff class presented a common question of fact. *Sieglock*, ¶ 18. We stated in *Sieglock* that

> [c]ommonality is satisfied when the question of law linking class members is substantially related to resolving the litigation, even though individuals may not be similarly situated. Similarly, commonality will also be satisfied when there is a common core of salient facts coupled with disparate legal remedies within the class. The nature of the plaintiffs' claim is directly relevant in determining whether the matters in controversy are individual or suitable as a class action.

*Sieglock*, ¶ 11 (internal citations and quotation marks omitted).

¶24 In *Sieglock*, the Burlington Northern Santa Fe Railway Company (BNSF) published a list of names of the top 300 overtime wage earners in its track department. The list included personal information about these employees including their city and state of residence, and their social security numbers. Several BNSF employees filed a class action against BNSF claiming damages resulting from the release and circulation of the list. They claimed that BNSF tortiously invaded their reasonable expectations of privacy when it negligently and intentionally published private facts and breached its fiduciary duty for safe keeping of private facts. They also sought an injunction

10

prohibiting BNSF from continuing any other business practices which would encourage or condone publication of the information. *Sieglock*, ¶¶ 2-4.

¶25 BNSF contended that because the alleged torts occurred in a wide geographic area (over 24 states), resolution of the claims would require the application of differing tort laws from varying jurisdictions, thus plaintiffs failed to meet their burden of showing that the potential class members shared sufficient common issues of law. *Sieglock*, ¶ 13. However, we noted in *Sieglock* that the requirements of Rule 23(a)(2) are disjunctive, thus, the party seeking class certification must have either common questions of law or common questions of fact. *Sieglock*, ¶ 11. We held that it did not appear that the trial court considered whether plaintiffs shared a common core of salient facts, irrespective of the court's decision that there was no commonality of law. Thus, we reversed and remanded to the District Court for such consideration. *Sieglock*, ¶ 18.

¶26 In the case *sub judice*, the existence of a well-established duty does not eliminate the common fact issue of whether Safeco has programmatically breached that duty. In addition,

> [t]he commonality requirement is not a stringent threshold and does not impose an unwieldy burden on plaintiffs. In fact, as a general rule, all that is necessary to satisfy Rule 23(a)(2) is an allegation of a standardized, uniform course of conduct by defendants affecting plaintiffs. Plaintiffs need only show a "common nucleus of operative facts" to satisfy Rule 23(a)(2).

*LaBauve v. Olin Corp.*, 231 F.R.D. 632, 668 (S.D.Ala. 2005) (internal citations and parentheticals omitted).[1]

¶27    In a case directly on point with the case before us on appeal, the federal district court of Florida held that the insurer's practice of not applying Florida's "insured-whole" rule created a common issue for insureds within the State of Florida. *Powers v. Government Employees Ins. Co.*, 192 F.R.D. 313, 317, 320 (S.D.Fla. 1998). In *Powers*, an insured brought suit against her automobile insurer seeking recovery of the full amount of the deductible she paid on a collision claim from the amount which the insurer recovered on its subrogation claim. *Powers*, 192 F.R.D. at 315-16. In granting the plaintiff's motion for class certification, the *Powers* court stated that "[w]here a common scheme of deceptive conduct is alleged, common questions of law and/or fact will exist." *Powers*, 192 F.R.D. at 317 (citations omitted).

¶28    Like the plaintiff in *Powers*, Ferguson alleges in the instant case that Safeco engaged in "a common scheme of deceptive conduct," by taking subrogation recoveries without an investigation into and determination of whether the insureds have been made whole. In addition to this main issue, Ferguson alleges that this case raises many other common issues of fact and/or law, including whether Safeco has a duty to retroactively apply *Swanson* by returning subrogation recoveries taken before the *Swanson* decision, otherwise, similarly situated insureds will get no more relief from this case than Ferguson

---

[1] We noted in *McDonald* that M. R. Civ. P. 23(a) and (b) are identical to Fed. R. Civ. P. 23(a) and (b), therefore, federal authority on the issue of class certification is instructive. *McDonald*, 261 Mont. at 400, 862 P.2d at 1154.

got from *Swanson*. We agree with Ferguson and conclude that these are questions common to all members of the putative class.

¶29 Accordingly, we hold that the District Court erred in determining that there were no common questions of law or fact in this case.

*Predominance*

¶30 Rule 23(b) provides three distinct routes to class certification:

> Rule 23(b)(1) classes are designed to avoid prejudice to the defendant or absent class members if individual actions were prosecuted in contrast to a class suit yielding a unitary adjudication. Classes under Rule 23(b)(2) are proper when injunctive relief is appropriate because the defendant has acted or refused to act on grounds generally applicable to the class. Finally, Rule 23(b)(3) makes class actions suitable when a class action is superior to other available methods for adjudication of the controversy and common questions predominate over individual ones.

*Newberg*, § 4:1, 3-4.

¶31 In this case, the District Court reasoned that Ferguson failed to demonstrate that any common issues predominate over any questions affecting only individual members as required by Rule 23(b)(3).

¶32 Ferguson moved for certification in the District Court under Rule 23(b)(2), or, alternatively, under Rules 23(b)(1) or 23(b)(3). Ferguson now argues on appeal that the District Court erred in reasoning that predominance is required, because the class claims in this case can and should be certified under Rule 23(b)(2), which does not require that the common issue predominate.

¶33 By its terms, Rule 23(b)(2) applies to cases where the defendant's conduct is "generally applicable to the class" and a remedy is sought through declaratory or

13

injunctive relief. Here, Ferguson seeks a judicial declaration that Safeco has breached its insurance contract and adjustment duties by a programmatic assertion of subrogation without first investigating and determining whether the insureds have received their "made-whole" rights. In addition to Ferguson's prayer for class-wide declaratory relief, she requested that the court issue an injunctive order compelling the return of subrogation amounts until such time as adjustments under the "made-whole" standard have been completed by Safeco.

¶34 The challenge here is not to an error in Safeco's application of the "made-whole" rule to any given insured. Rather, this case challenges the procedures of a program of subrogation which systematically deprives all class members of any consideration of their "made-whole" rights. Thus, as Ferguson points out in her brief on appeal, her class claims do not seek a determination of entitlements for each class member and the payment of damages; rather, her class claims seek a declaratory ruling that will be enforced to compel Safeco to follow the legal standard in its subrogation program.

¶35 In *Lebrilla v. Farmers Group, Inc.*, 119 Cal. App. 4th 1070, 16 Cal. Rptr. 3d 25 (2004), the class claim sought declaratory relief to remedy an auto insurance company's common practice of specifying inferior imitation crash parts for all repairs to class members' vehicles. The trial court denied certification, and on appeal, Farmers reasoned that the action raised individualized fact questions regarding each class member's entitlement to original, non-imitation parts. *Lebrilla*, 119 Cal. App. 4th at 1086, 16 Cal. Rptr. 3d at 38-39. The appellate court reversed the order denying class certification and

14

expressly rejected the contention that a class-wide remedy could not efficiently be administered by declaratory relief.

> The onus of complying with the policy as judicially construed falls on Farmers. *There will be no analysis for the court to do. . . . It will be left to Farmers to adjust insurance claims in accordance with claims procedures already in place . . .* [and] it will be up to Farmers to ensure that each class member receives the coverage required under the policy. These obligations are fairly placed on Farmers because adjusting claims is squarely within Farmers' expertise.

*Lebrilla*, 119 Cal. App. 4th at 1086, 16 Cal. Rptr. 3d at 39 (emphasis in original) (citations omitted).

¶36   As in *Lebrilla*, the instant case does not require the court to analyze any individual insured's amount of loss or recovery. Rather, the relief sought by Ferguson on behalf of the class is an order compelling Safeco to properly perform its statutory adjustment duties.

¶37   In *Dubray v. Farmers Ins. Exchange*, 2001 MT 251, ¶¶ 13, 16, 307 Mont. 134, ¶¶ 13, 16, 36 P.3d 897, ¶¶ 13, 16, this Court reaffirmed its approval of declaratory judgment actions "as a means for compelling advanced payment of medical expenses" and held that the district court erred in dismissing DuBray's claim for a declaratory ruling forcing payment of those medical expenses.

¶38   Based on the foregoing, we hold that the District Court erred in concluding that predominance is required for class certification in this case.

*"Made-whole" entitlements*

¶39   Ferguson argues that while this action seeks to compel Safeco to apply the "made-whole" rule, it does not seek to adjudicate any individual "made-whole" entitlements.

15

Ferguson maintains that the need for the efficient remedy of class-wide declaratory relief is especially appropriate where the size of the average claim is so small that relief for the average class member is not economically available outside class litigation. Ferguson points out that Safeco's attorney revealed in this case, that for subrogation on med-pay claims alone, there are at least 239 Montana insureds with subrogation recoveries totaling $332,000.00. Thus, the typical class member would only have $1,400.00 at issue.

¶40 We observed in *Murer v. State Comp. Mut. Ins. Fund*, 283 Mont. 210, 942 P.2d 69 (1997), that

> [a]pplication of the common fund doctrine is especially appropriate in a case like this where the individual damage from an institutional wrong may not be sufficient from an economic viewpoint to justify the legal expense necessary to challenge that wrong. The alternative to the doctrine's application is simply for the wrong to go uncorrected.

*Murer*, 283 Mont. at 222-23, 942 P.2d at 76; *accord Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 161, 94 S. Ct. 2140, 2144 (1974) ("Economic reality dictates that petitioner's suit proceed as a class action or not at all."); *Lebrilla*, 119 Cal. App. 4th at 1087, 16 Cal. Rptr. 3d at 39 ("the amount of recovery for each class member makes separate small actions impractical").

¶41 We agree with Ferguson that, in this case, the efficient remedy of class-wide declaratory relief is appropriate because the size of the average claim is so small that relief for the average class member is not economically available outside class litigation.

**Conclusion**

¶42 The District Court erred in concluding that Ferguson did not meet the requirements for class certification under Rules 23(a) and (b). Therefore, we hold that

16

the District Court erred in denying class certification in this case, and we reverse and remand for further proceedings consistent with this Opinion.

¶43   Reversed and remanded.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE