JUSTICE WARNER
dissents.
¶29 I dissent. In my view, Semenza raises a genuine issue of material fact about whether Kniss was acting as Stockman’s agent.
¶30 Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c). When considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party and all reasonable inferences are to be drawn in favor of the party opposing summary judgment. Our Lady of the Rockies, Inc. v. Peterson, 2008 MT 110, ¶ 14, *434 342 Mont. 392, ¶ 14, 181 P.3d 631, ¶ 14 (citation omitted). In this instance the Court does not consider the evidence in the light most favorable to the non-moving party, Semenza. Rather, it draws all inferences against Semenza by substituting itself for a jury and finding as a matter of fact that the evidence he presented is not reasonable.
¶31 The Court acknowledges that the record shows two separate acts by Stockman’s-the two wire transfers that came directly from Stockman’s to Semenza, totaling $182,000. These documents in the record clearly show that Semenza knew that the money to buy his cattle was paid by Stockman’s. This gave him good reason to believe Kniss’ statements that he was buying the cattle for Stockman’s. Semenza’s allegation that these statements were made must be accepted for purposes of summary judgment. Thus, in the mind of a reasonable jury, these wire transfers could easily constitute the acts or representations of the alleged principal, Stockman’s, that are required to create an ostensible agency. See Bellanger, ¶ 20.
¶32 Stockyards generally are not in the business of nonchalantly wiring money around the country. The fact that Stockman’s paid for the cattle is strong circumstantial evidence that it was buying the cattle through an agent. A jury could easily find that the alleged “loan” by Stockman’s to Kniss was in fact bogus, and Kniss was the actual agent of Stockman’s. In the alternative, the wire transfers could reasonably be found to be careless acts that caused Semenza to believe Kniss to be Stockman’s agent, even if he really was not. See § 28-10-103(1), MCA.
¶33 As the record would support a factual finding that Stockman’s was conducting its cattle trading business in Montana, this case should not be dismissed for lack of personal jurisdiction.
¶34 The Court inappropriately substitutes its judgment for that of a jury. Semenza has the right to a trial. I respectfully dissent.