JUSTICE RICE,
dissenting.
¶57 I believe the Court has become so lost in the forest that it cannot see the controlling legal principles for all the trees. To remedy its predicament, the Court has re-pled the case, reversing the District Court on a case that was never before that court.
¶58 To begin, it is important to mention the Court’s errors of omission. It appears the Court is holding, without explanation, that the State will be required, first, to refund in a lump sum all monies that Plaintiffs claim have been wrongfully withheld in violation of the made whole doctrine and then seek to re-obtain funds lawfully withheld by filing a later action for subrogation. This is implicit within the rationale on which the Court rejects the District Court’s determination that individualized assessments will be necessary: “Any individualized determinations regarding whether class members have been made whole will not occur in the context of this class action claim.” Opinion, ¶ 48. (Emphasis added.) Obviously, then, those determinations will need to be made in a later action. This directive may well come as a surprise to both sides: as discussed further herein, ‘individualized assessments” are the core of Plaintiffs’ entire suit as pled, and no party has requested or understood that this lawsuit could end by the payment of a lump sum by the State, followed by the filing of separate subrogation claims. Further, as a practical matter, calculation of a lump sum without individualized assessments would be nigh impossible. As noted herein, the State has not even received notice on all the potential claims. However, without further explanation, the Court simply leaves the case hanging in this posture. That leads to the Court’s next omission.
¶59 The apparent basis for the Court’s action here is the hidden holding that, in its role of providing a healthcare plan, the State is an insurer. I describe the holding as ‘hidden” because it is decided within a discussion that is purported to be about application of the made whole doctrine to TPAs. However, the Court’s holding sweeps beyond the stated issue, leaping to the additional conclusion that ‘the factual circumstances present here ... clearly establish that the State is the insurer, not the TPAs.” Opinion, ¶ 17. In doing so, the Court does not *168 so much as mention the State’s arguments to the contrary, such as its contention and analysis that, for the same reasons we concluded the Uninsured Employers Fund was not an insurer in Thayer v. Uninsured Employers’ Fund, 1999 MT 304, 297 Mont. 179, 991 P.2d 447, neither is it an insurer. See Appellee St. of Mont.’s Ans. Br., p. 42 (June 10, 2010) (“the problem with Plaintiffs’ case is they seek to apply a doctrine which evolved in the context of ‘for profit’ insurance under Title 33 to benefit programs subsidized by The [sic] State for its employees and State-subsidized health care benefits for those who are unable to obtain health coverage through more traditional channels. The rationale which applied to the creation of the ‘made whole doctrine’ in for profit insurance claims simply does not apply in this other context.”). This was the issue we carefully considered in determining the status of the State’s CHIP program in Shattuck v. Kalispell Reg’l Med. Ctr., 2011 MT 229, 362 Mont. 100, 261 P.3d 1021, but the Court gives no consideration whatsoever to this question today in declaring the State to be an insurer. The Court’s decision appears to be based on the presupposition that “someone has got to be an insurer here,” and if the TPAs are not, then the State is.
¶60 Perhaps it is easy to forget the parties’ arguments, as they were made so long ago. The appeal from the District Court’s order on class certification was filed two years ago, and the briefs containing these arguments followed thereafter, beginning in April 2010. After briefing, the Court remanded this matter, directing the District Court to address a merits issue4;he “made whole” doctrine-before returning the case here, followed by more briefing and oral argument.[1] Forgetfulness arising from the long course of this case may have contributed to the Court’s determination to re-make the case into something completely different from what was originally pled. It appears the Court has transformed the case to make it similar to Ferguson.
¶61 The Court offers that ‘Diaz and Hoffmann-Bernhardt argue the class is certifiable under Rule 23(b)(2) because a single question affects all class members: Can the State, in compliance with the subrogation laws, programmatically exercise its exclusion before conducting a made-whole analysis?” Opinion, ¶ 43. However, this is not, and never has been, the claim of the Plaintiffs. The Plaintiffs’ pleadings do not challenge the State’s internal mechanism for applying the made whole *169 doctrine. Rather, it is the Plaintiffs’ claim, repeatedly stated, that the State has ‘illegally withheld” benefits, should be made to calculate the amount withheld for “each member of the class,” should ‘immediately pay” such benefits plus interest, and should pay punitive damages. Compl., pp. 15-16 (Oct. 23, 2008); Proposed Amend. Compl., pp. 17-18 (n.d.). In detail, the Complaint and Proposed Amended Complaint explain as follows:
The [State],[2] therefore, ha[s] no right to exclude or refuse to pay benefits for medical costs under these circumstances .... [T]he plaintiffs and the class they represent are requesting a declaratory judgment that the [State’s] withholding of benefits violates the ‘inade whole” law. They request an injunction or other appropriate orders requiring the [State] to calculate the amounts they have unlawfully withheld and to pay those amounts to the plaintiffs. They also request injunctive relief prohibiting the defendants from continuing to violate the “made whole” laws. They request all other damages allowed by Montana law, including their costs and attorney fees.
See Compl., pp. 4-5; Proposed Amend. Compl. 4-5 (emphasis added). The Plaintiffs further explain that their “main issue” is whether the State has deprived them of benefits. They request injunctive relief “which will compel the defendants to calculate the amount unlawfully withheld from each individual member of the class and then to pay that amount to the individual members of the class.” Compl., p. 12; Proposed Amended Complaint, p. 12 (emphasis added). ‘The remedy requested does not present an onerous task, since it will be the defendants’ obligation to determine the full extent of reimbursement due to each member of the class.” Compl., p. 12; Proposed Amend. Compl., p. 12 (emphasis added).
¶62 Yet, apparently to re-cast this case to be like Ferguson, the Court offers the new proposition that individualized determinations “will not occur in the context of this class action claim.” Opinion, ¶ 48. In Ferguson, the action filed “d[id] not seek to adjudicate any individual ‘made-whole’ entitlements,” and we reversed the determination made by the District Court based on its belief that such entitlements were required. Ferguson v. Safeco Ins. Co. of Am., 2008 MT 109, ¶¶ 8, 39, 42, *170 342 Mont. 380, 180 P.3d 1164. However, Plaintiffs’ case here was simply pled differently than in Ferguson. Further, Ferguson involved definite claims. Safeco had already pursued and obtained subrogation recoveries in each claimant’s case, making claim identification very efficient. Ferguson, ¶¶ 4-7. Here, subrogation “actions”or “recoveries” by the State have not likewise occurred in each claim. Indeed, the District Court found that the State did “not always receive notice that an accident has occurred.” Or. RE: Class Action Request, p. 4 (Dec. 16, 2009). The failure to pay benefits may have occurred because a medical provider failed to bill the State, having already been paid by the tortfeasor’s insurer. In other cases, the State simply received an unsolicited reimbursement. Far from “programmatically exercis[ing] its exclusion before conducting a made-whole analysis,” Opinion ¶ 43, the State may not have even known it applied an exclusion or failed to make payment, making it far from Ferguson as well.
¶63 Then, completing the transformation of this case to Ferguson, the Court redrafts the class definition to something different from the one considered by the District Court. Compare Opinion, ¶ 28, with the District Court’s Order RE: Class Action Request, p. 6. The Court now defines the class as insureds “who have not been made whole for their damages because the State and the TPAs have programmatically failed to pay benefits for their medical costs.”The Court does not explain how insureds “who have not been made whole” can become class members without individualized assessments, which the Court holds will not be made in this case. After re-making the case, the Court then perfunctorily performs an assessment of Rule 23 factors to the new case, never reviewing those issues as they were presented to the District Court within the case that was actually brought. Thus, the Rule 23 assessment at that juncture is little more than pretense.
¶64 Finally, the Court overlooks the standard of review and its purposes. The ultimate question is whether the District Court abused its very broad discretion in determining that the putative class as pled in plaintiffs’ complaint did not meet the criteria set forth in M. R. Civ. P. 23:
Trial courts have the broadest discretion when deciding whether to certify a class. The judgment of the trial court should be accorded the greatest respect because it is in the best position to consider the most fair and efficient procedure for conducting any given litigation. Therefore, this Court will not disturb a trial court’s ruling on a motion to certify, unless there is an abuse of discretion.
*171 Sieglock v. Burlington N. Ry. Co., 2003 MT 355, ¶ 8, 319 Mont. 8, 81 P.3d 495 (citation omitted) (emphasis added). The standard of review reflects abundant common sense: that in class certification questions, appellate courts should defer to district courts, which are tasked with shepherding proposed class cases through the trial process. Here, the District Court well analyzed the case that was actually before it and did not abuse its discretion. It did not seek to remake the case, and neither should this Court.
¶65 Had we affirmed the District Court initially, instead of remanding, this case could have been re-plead or re-filed to address the class problems the District Court properly identified. I dissented from our failure to do so then, and I dissent from the Court’s action today. I would affirm.

 After directing the District Court to undertake consideration of a merits issue on remand, the Court now criticizes the District Court for considering the merits. See Opinion ¶ 46.

 Originally, the Complaint and Proposed Amended Complaint stated claims against all the named Defendants. Because the TPAs are being removed, Opinion, ¶ 24, the State is now the only remaining Defendant. However, the claims as pled remain the same.