JUSTICE McKINNON,
dissenting.
¶43 The Court confuses notice provisions of Fed. R. Civ. P. 23(c), the purpose of a 23(b)(2) class, and has misapplied the prerequisites for establishing numerosity. In my opinion, we should not conflate the requirements of Rule 23 to facilitate discovery for a plaintiff at the expense of procedural fairness to a defendant. While a district court is given wide discretion in certification of class actions; here, specific provisions of Rule 23 have been conflated and result in a distortion of the Rule’s purpose and procedural fairness.
¶44 Montana and federal rules on class actions are the same and we have recognized the body of case law interpreting Fed. R. Civ. P. 23 as instructive. Chipman, ¶ 43. Consistent with federal jurisprudence, Montana establishes that the plaintiff bears the burden of showing that each of the elements of Rule 23(a) are met before proceeding to identify which type of class action may be maintained pursuant to 23(b). Morrow, ¶ 8; Diaz I, ¶ 27. Rule 23(c)(2) specifically provides that “[f]or any class certified under [23(b)],” the court either “may” or “must” provide notice, thus establishing that the prerequisites of 23(a) are to be satisfied before maintaining a class action under (b)(2) or (b)(3). Accordingly, before certifying a class, the trial court must conduct a “rigorous analysis” to determine whether the party seeking certification has met the prerequisites of Rule 23. Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir. 1996). “[T]here must not only be allegations relative to the matters mentioned in Rule 23 ... but, in addition, there must be a statement of basic facts. Mere repetition *422 of the language of the Rule is inadequate.” Gillibeau v. Richmond, 417 F.2d 426, 432 (9th Cir. 1969). While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977). The failure to satisfy any one of the prerequisites is fatal to class certification. Morrow, ¶ 8; Diaz I, ¶ 27.
¶45 The Rule “does not set forth a mere pleading standard.” Wal-Mart, 131 S. Ct. at 2551. Rather a party must “ Tie prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact,’ typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a).” Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013) (quoting Wal-Mart, 131 S. Ct. at 2551) (emphasis in original). This Court, in Mattson v. Mont. Power Co. (Mattson II), 2009 MT 286, ¶ 67, 352 Mont. 212, 215 P.3d 675, articulated the following approach, utilized by the federal courts, for addressing Rule 23 motions:
(1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met; (3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; (4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement; and (5) a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits.
In Mattson II, we specifically rejected the trial court’s reliance on plaintiffs allegations, which were not supported by facts, and held that the “District Court erred in concluding it was ‘required to take the Plaintiffs’ allegations in support of the class action as true.’ ” Mattson II, ¶ 67. Thus, “[m]ere speculation as to satisfaction of the numerosity requirement is not sufficient. Rather, plaintiffs must present some evidence of, or reasonably estimate, the number of class members.” Polich v. Burlington N., Inc., 116 F.R.D. 258, 261 (D. Mont. 1987). In *423 Smith v. Transworld Systems, the plaintiff offered little more than conclusory allegations, as here, to support his claim of numerosity. The Sixth Circuit concluded:
Plaintiffs allegations that the requirements of Rule 23(a) are satisfied are founded on the assertion that defendant’s forms are computer generated. According to plaintiff, this leads to the inference that: (1) “hundreds, if not thousands” of consumers are recipients of these forms, thus satisfying the numerosity requirement; (2) that the forms sent to the purported members of the class are all of the same “boilerplate” language, thus satisfying the requirement that there be common questions of law and fact among the class; (3) that since the purported class members must have received the same types of correspondence from the defendant and under the same circumstances as he did, his claims and defenses are typical of those of the class; and (4) “plaintiff will fairly and adequately protect the interests of the class, and he has retained competent counsel to represent the class.”
Smith, 935 F.2d at 1033. The court found that sufficient facts had not been alleged to permit a reasonable inference that the mandatory prerequisites of Fed. R. Civ. P. 23(a) had been met. See also, Edwards v. McCormick, 196 F.R.D. 487, 494 (S.D. Ohio 2000).
¶46 The Court’s attempt to distinguish Smith on the basis that Transworld had a bona fide defense, which this Court asserts Appellants do not have, is not only incorrect, but misleading. In Smith, the court’s resolution of the bona fide defense issue was pursuant to Transworld’s motion for partial summary judgment and simply had nothing to do with the court’s analysis of Rule 23 criteria. In response to Smith’s objection that the trial court had improperly reviewed the substantive merits of his class action claim by addressing the bona fide defense claim of appellees, the Sixth Circuit Court of Appeals stated:
The appellant misconstrues the District Court’s rationale, however. The district court did not analyze the substantive merits of Smith’s class action claim; rather, the district court denied Smith leave to amend his complaint because Smith failed to allege facts “from which the Court could at least reasonably infer that the mandatory prerequisites of Rule 23(a) have been met.”
Smith, 953 P.2d at 1032.
¶47 Here, the Court is doing precisely what the Smith court said it was not doing and it is misleading, to say the least, to construe Smith as support for the Court’s rationale. Furthermore, in my opinion, it is inappropriate for this Court to misconstrue the position and defenses of the parties by addressing the substantive merits of Roose’s class *424 claim. We state “[h]ere, unlike Smith, the Appellants have conceded the exclusion contained in the policy is illegal.” Opinion, ¶ 23. However, what Appellants concede is that they changed their coordination of benefits provision in response to this Court’s decision in Diaz II. Appellants’ claim that Roose’s money was withheld under a medical lien filed by Kalispell Regional Medical Center pursuant to § 71-3-114, MCA. Therefore, it is hard to construe how they have conceded anything on the substantive merits of Roose’s class claim. Appellants’ claim pertaining to § 71-3-114, MCA, has never been addressed by the Court.
¶48 The fundamental inquiry regarding numerosity is whether “the class is so numerous that joinder of all members is impracticable.” M. R. Civ. P. 23(a). While the court must determine numerosity on a case-by-case basis, at a minimum there must be some fact upon which the trial court may conclude that there are at least other members of the class and that their joinder is impracticable. The inquiry, as set forth by Rule 23(a) necessarily implies consideration of circumstances and characteristics of class members in the context of whether joinder is impracticable. Here, litigation and discovery has been on-going for five years and Roose has yet to produce any evidence or fact indicating a person, other than himself, has been impacted by the application of the exclusion. In contrast, Sherri Houser and Terri Hogan, JPT and EBMS representatives, furnished affidavits indicating Roose was the only individual who had his claims treated in a manner where the hospital had applied a portion of the liability coverage to its charges. Roose specifically had money withheld under the Lincoln County Employee Group Health Plan (LC Plan) because of a medical lien filed by Kalispell Regional Medical Center pursuant to § 71-3-114, MCA. The situation is thus different from when there is no lien and the payment was withheld entirely as a result of a third party liability payment, as in Diaz v. State (Diaz II), 2013 MT 219, 371 Mont. 214, 308 P.3d 38. It was incumbent upon Roose, in carrying out his burden of establishing numerosity, to produce some evidence that other members of the defined class existed. Roose has supplied no more than conclusory allegations, while JPT and EBMS have supplied the court with specific and articulable facts. The only evidence before the District Court was that no member, other than Roose, had his liability coverage reduced *425 by a hospital lien.[1]
¶49 Roose has included in his class definition, adopted by the District Court, health plans other than the LC Plan and clients other than JPT. These entities are non-parties to the suit and, although the District Court has acknowledged that it could not order these non-parties to pay, there exists no basis for including them in the class definition. The District Court’s assertion that we have approved this type of remedy in Diaz II and Ferguson v. Safeco Ins. Co. of Am., 2008 MT 109, 342 Mont. 380, 180 P.3d 1164, is misplaced. In both Diaz II and Ferguson, the defendants who ultimately paid were named defendants. In Rolan, where we allowed certification of a class of insureds of New West who may have had claims adjusted in violation of a “made-whole” determination by New West, New West was nevertheless a named party.[2] We have previously recognized that “no authority [exists] that would permit an unknown number of class members to blindly sue an unknown number of defendants, creating in effect a ‘class of defendants.’ ” Chipman, ¶ 38, citing Murer v. Montana State Comp. Ins. Fund, 257 Mont. 434, 437, 849 P.2d 1036 (1993). The question of whether litigation may proceed against a class of defendants has been *426 raised in numerous federal courts and rejected. See Brown v. Kelly, 609 F.3d 467, 477 n.8 (2nd Cir. 2010)[3].
¶50 The Court has conflated the notice requirements for a 23(b)(2) class and a 23(b)(3) class. Unlike a 23(b)(3) class, membership in a 23(b)(2) class is automatic and mandatory. Wal-Mart, 131 S. Ct. at 2558. Because the purpose and remedy of the two types of classes are fundamentally different, the Rule sets out different provisions for notice. In a 23(b)(2) class, absent class members are not required to receive notice and have no opportunity to opt-out of the lawsuit. Notice is therefore not required in a 23(b)(2) class action and will only be needed to protect due process concerns when special circumstances exist. See Newberg on Class Actions § 8:3. The purpose of providing notice in a 23(b)(2) class “really serves only to allow those members the opportunity to decide if they want to intervene or to monitor the representation of their rights.” 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1786,497-98 (3d ed. 2005); Manual for Complex Litigation (Fourth) § 21:311, 287 (2004) (stating that notice for a 23(b)(2) class “serves limited but important interests, such as monitoring the conduct of the action”).
¶51 Here, the District Court granted injunctive and declaratory relief and then ordered notice after its decision. However, notice serves no due process purpose if given after a substantive decision has been made by the court. Parties have no opportunity to intervene or monitor litigation unless notice is provided before the court makes substantive decisions. In 23(b)(2) class actions, because there is no opportunity to opt-out, a class member must be given the opportunity to intervene before substantive decisions are made in order to be afforded due process. Ostensibly, the District Court’s notice was to establish a prospective class of persons who may have monetary or restitution claims, which is inappropriate for a 23(b)(2) class for injunctive and declaratory relief. The District Court’s order provided that notice was to be given to insureds of both named and unnamed parties. On the record that existed at the time the certification order was made, the notice ordered by the court conflates the purpose of a 23(b)(2) class and a 23(b)(3) class — neither of which are appropriate classes given the circumstances of this proceeding — and misconstrues the notice provisions of 23(c)(2).
¶52 The injunctive and declaratory relief which may be appropriate for *427 a 23(b)(2) class cannot be used to retroactively satisfy numerosity, a “prerequisite” for establishing a class. By allowing injunctive and declaratory relief pursuant to 23(b)(2) to serve as a subterfuge for finding class members for a monetary damages or restitution class, the Court has changed the procedural protections of Rule 23. To underscore that these proceedings are primarily an individual claim for monetary damages by Roose, it is significant that the LC Plan and other JPT plans have changed their policies on the coordination of benefits and corresponding claims practices following our 2011 Diaz I decision. Rule 23(b)(2) injunctive and declaratory relief was not necessary to change the coordination of benefits provision given a change in the law, together with compliance by JPT and EBMS. Roose’s claim is fundamentally a claim for individual monetary and punitive damages, and is not merely incidental to injunctive relief. Roose has requested a separate trial for damages. His individual monetary claim should be prohibited under a 23(b)(2) class. See Jacobsen, ¶ 76; Wal-Mart, 131 S. Ct. at 2557.
¶53 The Court’s declaration that “it is the acknowledged unlawful conduct itself that makes potential relief appropriate in this case,” Opinion, ¶ 35, adds nothing to an analysis of whether class certification is appropriate. The Court fails to appreciate that the class certified by the District Court was a Rule 23(b)(2) class, meaning that individual claims for monetary damages may not predominate, and continues to blur the distinction between the types of classes which may be certified. A Rule 23(b)(2) class is entirely different from a Rule 23(b)(3) class. “That the plaintiffs have superficially structured their case around a claim for class-wide injunctive and declaratory relief does not satisfy Rule 23(b)(2) if as a substantive matter the relief sought would merely initiate a process through which highly individualized determinations of liability and remedy are made; this kind of relief would be class-wide in name only, and it would certainly not be final.” Jamie S. v. Milwaukee Pub. Schs., 668 F.3d 481, 499 (7th Cir. 2012) (emphasis added). When, as here, the “relief sought would simply serve as a foundation for a damages award, or when the requested injunctive or declaratory relief merely attempts to reframe a damages claim, the class may not be certified pursuant to Rule 23(b)(2).” Jacobsen, ¶ 98 (citation and ellipses omitted).
¶54 In my opinion, this Court allows Rule 23’s notice provision to serve as a discovery tool which inappropriately will be used to satisfy the numerosity requirement retroactively or to establish a monetary damages class prospectively. This approach changes the requirements of Rule 23 and creates issues of fairness and due process. While a trial *428 court is afforded wide discretion in certifying a class action, the requirements and structural protections of Rule 23 must nevertheless be observed. This action is a named a 23(b)(2) class action with 23(c)(2)(A) notice, but may be more aptly described as a discovery dispute attempting to utilize the court’s Rule 23 management tools and authority. The United State Supreme Court has held that Rule 23 “sets the requirements [the courts] are bound to enforce.” Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620, 117 S. Ct. 2231 (1997). Courts are not at liberty to read the requirements out of the rules. Marcus v. BMW of North America, LLC, 687 F.3d 583, 597 (3rd Cir. 2012).
¶55 The Court is simply wrong when we state that the “evidence at present show[s] more class members do exist and are certain to be found,” Opinion, ¶ 36, when no evidence at all has been presented that there is another member of the class besides Roose. Indeed, the Court’s statement is a contradiction in itself by claiming that there is evidence and then acknowledging that other members are “certain” to be found. Opinion, ¶ 36. Roose failed to provide sufficient evidence of numerosity which is fatal to his class action. It is therefore not necessary to address whether he has established commonality, typically, and that he is an adequate representative for the class. Certification of a class, for the reasons stated above, was contrary to the requirements of Rule 23 and was an abuse of discretion.

 See also Doninger, 564 F.2d at 1309, where the Court affirmed the trial court’s denial of a class certification finding:
[0]nly two affidavits were submitted by the appellants, and both were of their trial counsel. The contents of those affidavits added little, if any, factual support to the class action allegations. Counsel for the appellants forthrightly and frankly admitted that neither he nor any of his clients “could ... submit affidavits based upon personal knowledge, outlining specific facts to support the allegations made with regard to the elements necessary for a class.” The memoranda of authority in support of appellants’ motions are likewise lacking in articulable facts, offering only vague and conclusory statements with little specific content. In sum, the trial court had before it only the most meager support for appellants’ class action allegations. On the other hand, PNB had come forward with substantial uncontroverted information tending to show the inappropriateness of class treatment.

 In Rolan, this Court did not consider a claim that numerosity had not been established, but rather we considered “defendant New West’s contention that the District Court’s choice of class definition constituted an abuse of discretion on the grounds that the current definition (1) is imprecise, (2) improperly diverges from the definition adopted by Judge Sherlock following remand in Diaz I, and (3) will necessitate decertification of the class.” Rolan, ¶ 16. Failure to set forth sufficient facts as a prerequisite to class certification which demonstrate numerosity was not at issue in Rolan, as it is here. Nothing in Rolan stands for the proposition that the plaintiff does not have to meet his or her burden as to the prerequisites set forth in 23(a).

 “Generally, plaintiffs cannot bring a class action against defendants with whom they have had no dealings.” Chipman, ¶ 38.